110 F.3d 68
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James L. HARRIS, Petitioner-Appellant,
v.
Theo WHITE, Warden, Respondent-Appellee.
 No. 96-15910.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 24, 1997.*
Decided March 26, 1997.
 
 Before: SNEED, FARRIS, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James L. Harris, a former California state prisoner, appeals pro se the district court's dismissal of his second 28 U.S.C. § 2254 habeas corpus petition. We have jurisdiction under 28 U.S.C. § 2253. We review for an abuse of discretion, Campbell v. Blodgett, 997 F.2d 512, 516 (9th Cir.1993), and affirm.
 
 
 3
 A petition is successive and may be dismissed if it raises no grounds for relief that are new or different from the claims raised in an earlier petition, and the claims have been previously decided on the merits. See Rule 9, Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254; Campbell, 997 F.2d at 515-16. A petitioner must show cause and prejudice before a court will reach the merits of a successive petition. See Sawyer v. Whitley, 505 U.S. 333, 338 (1992). If the petitioner cannot show cause, he may obtain review of his constitutional claims only if he falls within "the narrow class of cases ... implicating fundamental miscarriage of justice." Schlup v. Delo, 115 S.Ct. 851, 861 (1995) (citing McCleskey v. Zant, 499 U.S. 467, 494 (1991)). A fundamental miscarriage of justice occurs in those extraordinary instances when a constitutional error has probably resulted in the conviction of one who is actually innocent of the crime. See id. at 867; McCleskey, 499 U.S. at 494. The petitioner must support his allegations of constitutional error with new reliable evidence that was not presented at trial in order to show that he is actually innocent of the crime. See Schlup, 115 S.Ct. at 865.
 
 
 4
 Harris does not dispute that his claims are successive. Harris contends, however, that his case falls into the narrow "fundamental miscarriage of justice" exception because he has supplemented his claim with a colorable showing of factual innocence. This contention lacks merit because Harris has failed to provide any new reliable evidence that was not presented at trial. See id. Instead, Harris argues that there was insufficient evidence to sustain his conviction. Harris's claims amount to nothing more than an attack on the credibility of an eyewitness. Accordingly, the district court did not abuse its discretion by dismissing Harris's second section 2254 motion as successive. See Campbell, 997 F.2d at 516.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3